UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF JOSEPH M. AHART, INC., JOSEPH M. AHART, AND JACOB LEVIN,<br><br>Defendants. | No. 2:25-cv-00876 DJC AC PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will

1

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff is an indigent criminal defendant in Siskiyou County, and attorneys Joseph M. Ahart and Jacob Levin were appointed to represent her. ECF No. 1 at 1. Plaintiff alleges both attorneys are employees of the Law Office of Joseph M. Ahart, Inc., which has a contract to provide conflict counsel to criminal defendants in Siskiyou County. Id. at 2. Plaintiff alleges that

counsel violated their contractual obligations to her by providing inadequate representation. Id. at 3-4. Plaintiff also alleges defendants are liable under 42 U.S.C. § 1983 for violating her constitutional rights. Specifically, plaintiff argues that counsel did not meaningfully collaborate with her, refusing to consider her "crucial defense evidence and strategies." Id. at 6. Plaintiff brings three causes of action: (1) Deprivation of Right to Effective Assistance of Counsel (Sixth and Fourteenth Amendments) under 42 U.S.C. §1983; (2) Deprivation of Fourteenth Amendment Due Process and Equal Protection Rights under §1983; and (3) Breach of Contract (Third-Party Beneficiary Liability). ECF No. 1 at 10-16.

      B. Analysis

      This complaint must be dismissed because it does not state any claims upon which relief can be granted. First, public defenders and other appointed indigent defense counsel cannot be sued under § 1983. Although the protection afforded to public defenders is not an immunity, it is well-established that a public defender is not a person who acts "under color of law" within the meaning of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). When a public defender is "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a § 1983 claim does not lie. Id. Here, plaintiff alleges ineffective assistance of counsel and breach of due process under § 1983 against her appointed defense counsel. It is clear from the allegations that her complaint is entirely based in counsel's alleged failures to properly handle plaintiff's defense, particularly by failing to properly communicate with her and failing to consider her views on legal strategy and the presentation of evidence. Such allegations cannot support a claim for damages under § 1983 as a matter of law. Additionally, the court notes that potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

      Plaintiff's remaining claim for breach of contract is a state law claim. Because the only two federal causes of action asserted by plaintiff are not cognizable, the court will not entertain the state law claim. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under"

federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. There is no basis for federal question jurisdiction because plaintiff's federal claims are not cognizable. There is no basis for diversity jurisdiction because plaintiff and all defendants are citizens of California. ECF No. 1 at 2-3. Accordingly, the court should not hear the remaining state law claim.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, the allegations are clear and it is apparent to the court that amendment will not result in a viable complaint. Given the defects described above, the undersigned finds that leave to amend would be futile.

## III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because you do not state a claim for legal relief that this court can provide. You may object to this recommendation within 21 days if you wish to do so. The District Judge will make the final decision.

## IV. Conclusion

Accordingly, IT IS ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1) be DISMISSED because it fails to state a claim upon which relief can be granted, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's

order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  March 21, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE