IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY R. OLSON, | No. 2:25-CV-00876-DJC-DMC |
| Plaintiff, | |
| v. | ORDER |
| LAW OFFICES OF JOSEPH M. AHART, INC., et al., | |
| Defendants. | |

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint. See ECF No. 7. Also pending before the Court is Plaintiff's motion for 60-day extension. See ECF Nos. 10 and 11.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff filed this first amended complaint on June 11, 2025. See ECF No. 7. Plaintiff names the following as Defendants: (1) Law Office of Joseph Ahart, Inc.; (2) Joseph Ahart; and (3) Jacob Levin. See id. at 2. The events alleged in the amended complaint occurred in Siskiyou County. See id. Plaintiff asserts two federal claims, a violation of Title II of the Americans with Disabilities Act (ADA) and a violation of her rights to effective assistance of counsel and access to the courts, seeking remedy pursuant to 42 U.S.C. § 1983. See id. Plaintiff additionally asserts ten state law claims: (1) Breach of Contract (third-party beneficiary); (2) Breach of Fiduciary Duty; (3) Negligent Infliction of Emotional Distress; (4) Intentional Infliction of Emotional Distress; (5) Professional Negligence and Legal Malpractice; (6) violation of California Civil Code § 51; (7) violation of California Government Code § 11135; (8) violation of California Civil Code § 43; (9) violation of California Civil Code § 52.1; and (10) violation of California Business and Professions Code §§ 6200-6254. See id. pgs. 3-5.

Plaintiff states that she is a qualified individual with a disability under the ADA. See id. at 2. According to Plaintiff, she has permanent impairments that substantially limit her mobility. See id. Plaintiff contends that Defendants were appointed to provide Plaintiff with legal representation under an indigent defense contract with the County of Siskiyou. See id. According

to Plaintiff, Defendants were under contract to "contact clients within 24 hours of appointment and/or when contacted by a client." See id.

Plaintiff asserts that on January 17, 2024, within 24 hours of Defendant Ahart's appointment, Plaintiff contacted Defendant Ahart by email to request accommodation due to her medical disabilities and doctors' appointments. See id. According to Plaintiff, Defendant Ahart failed to respond to Plaintiff's initial email. See id. Plaintiff alleges that she attempted to contact Defendant Ahart "at least three more times between January 17 and February 2024." See id. According to Plaintiff, Defendant Ahart did not timely respond to these follow-up emails. See id.

Plaintiff claims that Defendant Ahart did not submit a § 977(b) waiver which Plaintiff emailed to Defendant Ahart. See id. According to Plaintiff, the waiver would have secured accommodations for Plaintiff. See id. Plaintiff contends that Defendant Ahart's inaction delayed Plaintiff's necessary surgery and caused serious personal harm. See id.

Plaintiff further asserts that Defendant Levin was appointed on August 27, 2024. See id. According to Plaintiff, Plaintiff subsequently sent Defendant Levin multiple emails, "including a fully completed § 977(b) waiver form" and "proposed motions." See id. Plaintiff alleges that Defendant Levin "failed to respond for over 60 days, and when he did, he refused to take any action regarding her accommodations or defense." See id.

## II.  DISCUSSION

As a preliminary matter, the Court will address Plaintiff's motion for a 60-day extension. Plaintiff indicates that due to health concerns, she is not able to immediately respond to the Court and therefore requests a 60-day continuance. See ECF Nos. 10 and 11. Though there were no pending deadlines, in providing Plaintiff with leave to amend, as described herein, the Court will allow Plaintiff 60 days to file an amended complaint, rather than the usual 30 days. Should Plaintiff need additional time, she may file a motion for extension. Given there were no pending deadlines and that the Court is already providing Plaintiff 60 days to file an amended complaint, the Court will deny Plaintiff's motion for 60-day extension as moot.

///

1      The Court finds that Plaintiff's amended complaint states a plausible federal claim
2 under Title II of the Americans with Disabilities Act. Pursuant to the Court's supplemental
3 jurisdiction under 28 U.S.C. § 1367, Plaintiff also states plausible state claims for Breach of
4 Contract (Third-Party Beneficiary); Breach of Fiduciary Duty; violation of the Unruh Civil Rights
5 Act; and violation of California Government Code § 11135. However, Plaintiff's complaint fails
6 to state a federal claim under 42 U.S.C. § 1983, as explained in the following section. Plaintiff's
7 remaining state claims are also deficient reasons described below.

8     **A.     Federal Claim: 42 U.S.C. § 1983**

9      To state a claim under 42 U.S.C. § 1983, the plaintiff must "(1) allege the
10 deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the
11 deprivation was committed by a person acting under color of state law." Anderson v. Warner, 451
12 F.3d 1063, 1067 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.
13 Ed. 2d 40 (1988)). The Court's focus is on the second requirement.

14      When public defenders and other appointed indigent defense counsel are acting in
15 their role as advocate, they are not acting under color of state law for § 1983 purposes. See
16 Georgia v. McCollum, 505 U.S. 42, 53, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992); Polk Cnty. v.
17 Dodson, 454 U.S. 312, 320-25, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Jackson v. Brown, 513
18 F.3d 1057, 1079 (9th Cir. 2008); see also Vermont v. Brillon, 556 U.S. 81, 91, 129 S. Ct. 1283,
19 173 L. Ed. 2d 231 (2009). This precludes any ineffective assistance of counsel claim. Miranda v.
20 Clark Cnty., Nev., 319 F.3d 465, 468 (9th Cir.2003) (en banc). Where, however, public defenders
21 and other appointed indigent defense counsel are performing administrative or investigative
22 functions, they may be acting under color of state law. See Brillon, 556 U.S. at 91 n.7; Polk
23 Cnty., 454 U.S. at 324-25.

24      Here, Plaintiff alleges ineffective assistance of counsel and deprivation of her right
25 of access to the courts under § 1983 against her appointed defense counsel. See ECF No. 7, pg. 3.
26 Plaintiff's complaint is entirely based on counsel's activity in their role as advocate, specifically
27 their alleged failure to communicate with her, file certain paperwork, and consider her views on
28 legal strategy. See id. Because Defendants' alleged failures as counsel arose in their capacity as

advocates, Defendants were not acting under color of state law, and Plaintiff may not proceed against them with a § 1983 claim as a matter of law. Plaintiff was previously informed that her § 1983 claim was not viable for this reason but reasserts it here. See id. at 3.

### B. State Law Claims

Plaintiff asserts a cognizable third-party beneficiary breach of contract claim because she alleges she is a third-party beneficiary to a contract between Siskiyou County and Defendants, the purpose of the contract was to provide indigent defendants, such as Plaintiff, with legal representation, Defendants allegedly breached such contract "by failing to contact Plaintiff," which resulted in damages, "delay of necessary surgery." See ECF No. 7, pgs. 2-3. Plaintiff next asserts a cognizable claim alleging that Defendants owed Plaintiff a fiduciary duty, arising from her attorney-client relationship, and Defendants breached that duty by "failing to respond to Plaintiff's communications" and "ignoring critical medical and legal concerns." See id. pg. 4. Given Plaintiff asserts a cognizable ADA claim, and such claims give rise to state remedies pursuant to the Unruh Act, Plaintiff additionally asserts a cognizable Unruh Act claim. Relatedly, Plaintiff asserts a viable claim under California Government Code § 11135, which also prohibits discrimination based on disability. The remaining five state claims are deficient, as explained below, and Plaintiff therefore will be provided leave to amend as to those claims.

#### 1. Intentional Infliction of Emotional Distress

In California, there are three elements required of a prima facie case of intentional infliction of emotional distress (IIED): (1) extreme and outrageous conduct by a defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." See, e.g., Doe v. Gangland Prods., Inc., 730 F.3d 946, 960 (9th Cir. 2013); Wynes v. Kaiser Permanent Hosps., 936 F. Supp. 2d 1171, 1194 (E.D. Cal. 2013); Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009).

There is no bright line standard of outrageous conduct, which instead entails an intuitive, case-specific approach. See So v. Shin, 212 Cal. App. 4th 652, 671 (Cal. Ct. App. 2013). Still, liability for IIED does not extend to mere threats, insults, annoyances, indignities,

5

1  petty oppressions, or other trivialities. Hughes, 46 Cal. 4th at 1051; Crouch v. Trinity Christian
2  Ctr. of Santa Ana, Inc., 39 Cal. App. 995, 1007 (Cal. Ct. App. 2019). It insufficient that a
3  defendant acted with tortious or even criminal intent, or intended to inflict emotional distress,
4  even if the defendant's conduct reflects malice or aggravation supporting punitive damages for
5  another tort. Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 852 (2004); Jackson v. Mayweather,
6  10 Cal. App. 5th 1240, 1266 (Cal. Ct. App. 2017). A defendant's conduct must be so outrageous
7  in character and extreme in degree that it goes beyond all decency and exceeds the bounds of
8  behavior tolerated in a civilized community. Hughes, 46 Cal. 4th at 1050–51; Crouch, 39 Cal.
9  App. 5th at 1007. The defendants' conduct must be purposeful, with the intention and realization
10 that injury will result. Hughes, 46 Cal. 4th at 1051. The conduct must be directed at a plaintiff or
11 done in the presence of a plaintiff whose presence the defendant is aware of. Christensen v.
12 Superior Court, 54 Cal. 3d 868, 903 (1991); McMahon v. Craig, 176 Cal. App. 4th 1502, 1516
13 (Cal. Ct. App. 2009). Malicious purpose, however, is not required. Crouch, 39 Cal. App. 5th at
14 1007. Severe emotional distress is a similarly high bar. Hughes, 46 Cal. 4th at 1051. Severe
15 emotional distress entails emotion distress of such significant or enduring quality that no
16 reasonable individual in civilized society should be expected to endure it. Id.

17      Here, Plaintiff's allegations do not suggest that the emotional distress and mental
18 anguish she suffered because of Defendants' alleged failures to communicate and accommodate
19 are of such outrageous character as to go beyond the expectations of civilized society. In fact,
20 Plaintiff's complaint is devoid of any specific allegations regarding the emotional distress she
21 suffered. Nor does the complaint allege purposeful conduct, with the intention that injury will
22 result. Thus, the claim will be dismissed with leave to amend.

23           2.   Negligent Infliction of Emotional Distress
24      Negligent infliction of emotional distress (NIED) is not an independent tort
25 doctrine in California. See Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984, 25 Cal.
26 Rptr. 2d 550, 863 P.2d 795 (1993). Rather, NIED "is a form of the tort of negligence, to which
27 the elements of duty, breach of duty, causation and damages apply." Griffith v. Bank of Am.,
28 N.A., No. CV-11-5867 PA FFMX, 2011 U.S. Dist. LEXIS 150940, 2011 WL 6849048, at * 9

(C.D. Cal. Dec. 13, 2011) (quoting Huggins v. Longs Drug Stores Cal., Inc., 6 Cal. 4th 124, 129, 24 Cal. Rptr. 2d 587, 862 P.2d 148 (1993)). "Foreseeability of harm is often the most significant consideration in the duty analysis." Ess v. Eskaton Props., 97 Cal. App. 4th 120, 126 (2002) (citing Ballard v. Uribe (1986) 41 Cal. 3d 564, 572-573, fn. 6.).

        As with Plaintiff's claim of intentional infliction of emotional distress, Plaintiff has not asserted facts as to the emotional distress she allegedly suffered. While she generally asserts she suffered "foreseeable and serious emotional distress," and "emotional trauma" that arose from a delayed surgery, this allegation is conclusory without more. It is not clear how a delayed surgery resulted in emotional distress and how such distress was foreseeable. Accordingly, the claim will be dismissed with leave to amend.

### 3.    California Civil Code § 43

California Civil Code § 43 provides that each person is entitled to "the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations." Cal. Civ. Code § 43. Here, Plaintiff does not allege in her complaint that she suffered any such harm. Accordingly, this claim will be dismissed with leave to amend.

### 4.    Bane Act

The Bane Act provides a cause of action for individuals to seek damages and injunctive relief if their federal or state rights have been interfered with by threats, intimidation, or coercion. See Brown v. County of Mariposa, No. 1:18-cv-01541 LJO SAB, 2019 WL 1993990, at (E.D. Cal. May 6, 2019). Under a Bane Act claim, the alleged violator must have tried to or successfully prevented the plaintiff by improper means from doing something he or she had the right to do, or to force the plaintiff to do something that he or she was not required to do under the law. See Austin B. v. Escondido Union Sch. Dist., 57 Cal. Rptr. 3d 454, 472 (Cal. Ct. App. 2007). In a Bane Act claim, the plaintiff must show "(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Estate of Hennefer v. Yuba County, No. 2:22-cv-00389 TLN KJN, 2023 WL 4108077, at (E.D. Cal. June 21, 2023) (quoting Allen v. City of Sacramento, 183 Cal. Rptr. 3d 654, 676 (Cal. Ct. App. 2015)) (alteration in

7

1  original). "However, federal district courts have declined to apply supervisor liability to Bane Act
2  claims." Id.

3  Plaintiff contends that Defendants' acts "ignoring communication, declining to file a waiver or meet with Plaintiff [] coerced Plaintiff into missing vital surgery to avoid defaulting in criminal court." ECF No. 7, pg. 4. This allegation does not give rise to a cognizable Bane Act claim because Plaintiff does not assert that Defendants intentionally interfere with her rights, nor has Plaintiff sufficiently established that the alleged acts amount to coercion. Thus, Plaintiff will be provided leave to amend.

### 5. California Business and Professions Code §§ 6200 – 6254

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim that gives the defendant fair notice of the claims against them. Plaintiff's complaint refers to a portion of the California Business and Professions Code spanning 54 sections which Defendants have supposedly violated. Plaintiff did not identify which actions taken by Defendants violated which section. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, as currently pleaded, the Court and Defendants would be required to comb through multiple articles of the California Business and Professions Code to determine whether Plaintiff has stated any claims upon which relief can be granted. Plaintiff must formulate her claims in a way that satisfies Rule 8 and puts Defendants on fair notice of the claims against them. Thus, this claim will be dismissed with leave to amend.

### 6. Professional Negligence and Legal Malpractice

In California, "an attorney is subject to liability for malpractice when his or her negligent investigation, advice, or conduct of the client's affairs results in loss of a meritorious claim." Stanley v. Richmond (1995) 35 Cal.App.4th 1070, 1092. In proving causation, the plaintiff "must show that but for the alleged malpractice, it is more likely than not that the plaintiff would have obtained a more favorable result." Viner v. Sweet, 30 Cal. 4th 1232, 1244 (2003).

///

Here, Plaintiff does not allege that Defendants' actions resulted in the loss of a meritorious claim. Plaintiff's complaint does not assert that but for Defendants' alleged negligence a more favorable result would have been achieved, nor does Plaintiff describe the legal outcome of the trial in which Defendants represented her. Therefore, Plaintiff fails to state a cognizable claim for legal malpractice. The claim will therefore be dismissed with leave to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Amended Motion for 60 Day Extension, ECF No. 11, is DENIED as MOOT; and

2. Plaintiff may file a third amended complaint within 60 days of the date of service of this order.

Dated: November 21, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE