IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KIMBERLY R. OLSON,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICE OF JOSEPH M. AHART, INC., et al.,<br><br>Defendants. | No.  2:25-CV-0876-DJC-DMC<br><br><br>ORDER<br><br>and<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court is Plaintiff's first amended complaint.  See ECF No. 7.

On November 24, 2025, the Court issued an order addressing the sufficiency of Plaintiff's first amended complaint.  See ECF No. 12.  In that order, the Court determined that Plaintiff states a plausible federal claim based on violation of Title II of the Americans with Disabilities Act.  See id. at 4.  The Corut also determined that Plaintiff states plausible state claims based on breach of contract, breach of fiduciary duty, violation of the Unruh Civil Rights Act, and violation of California Business and Professions Code § 11135.  See id.  The Court, however, determined that Plaintiff's federal claim under 42 U.S.C. § 1983 for ineffective assistance of criminal defense counsel in state court was not cognizable because defense counsel was not acting under color of state law for purposes of § 1983.  See id. at 4-5.  The Court further

1

determined that Plaintiff's other state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, violation of California Civil Code § 43, violation of the Bane Act, violation of California Business and Professions Code §§ 6200-6254, and legal malpractice were also defective. See id. at 5-9.

Plaintiff was provided an opportunity to file a further amended complaint to address the deficiencies identified in the Court's order. See id. at 9. Plaintiff was cautioned that, if no further amended complaint was filed within the 60 days permitted therefor, the Court would issue findings and recommendations to dismiss the defective claims and an order for service of process as to the plausible claims. See id. As of February 23, 2026, Plaintiff had not filed a further amended complaint, and the Court issued findings and recommendations that this action be dismissed for lack of prosecution. See ECF No. 13. Because these findings and recommendations were issued inconsistent with the Court's prior screening order, they will be vacated. Instead, the Court now issues these findings and recommendations that the claims previously identified as defective be dismissed. By separate order, the Court will direct Plaintiff to submit documents necessary for service of process of the first amended complaint by the United States Marshal as to the plausible claims.

///
///
///
///
///
///
///
///
///
///
///
///
///

2

Based on the foregoing, the undersigned orders and recommends as follows:

1.       It is ORDERED that the findings and recommendations issued on February 23, 2026, ECF No. 13, are VACATED as having been issued in error.

2.       It is RECOMMENDED that this action proceed on the following claims as against the named defendants: (a) Plaintiff's federal claim under Title II of the Ameircans with Disabilities Act; (b) Plaintiff's state claims for breach of contract, breach of fiduciary duty, violation of the Unruh Civil Rights Act, and violation of California Government Code § 11135.

3.       It is RECOMMENDED that all other claims be DISMISSED for failure to state a claim upon which relief can be granted.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 20, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3